[705 NYS2d 79]

In the Matter of ROBERT S. LEWIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 27, 2000

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

*Alan S. Phillips,* Monsey, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing eight

charges of professional misconduct. In his answer, the respondent admitted the factual allegations contained in the petition, but denied that he was guilty of any venal intent. The Special Referee sustained all of the charges against the respondent except Charge Two. The Grievance Committee moves, and the respondent cross-moves, to confirm in part and disaffirm in part the Special Referee's report. Moreover, the respondent contends that the sanction imposed should be limited to a public censure.

We disagree with the findings of the Special Referee to the extent that Charge Two is sustained, as well as Charges Five and Seven, but we find that Charges One, Three, Four, Six, and Eight are not sustained.

Charge Two alleged that the respondent commingled funds in his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). The respondent received $8,400.76 from the Social Security Administration (hereinafter the SSA) on behalf of his client Ronald J. Hall between February and July 1996, which he deposited into his special account at Marine Midland Bank. As of April 15, 1996, the respondent was holding $1,120.76 in escrow on behalf of Hall. On that day, the respondent issued check number 1646 in the amount of $1,400 from his special account to the order of AAA Bail Bonds on Hall's behalf. When the respondent issued check number 1646 from his special account, he allegedly made a mental note to be sure to replace the funds upon receiving additional moneys on Hall's behalf from the SSA. On July 3, 1996, when no additional funds were received from the SSA, the respondent deposited personal funds in the amount of $288 into his special account to cover the shortage.

Charge Five alleged that the respondent issued checks from his special account payable to cash, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]). On or about February 21, 1996, the respondent issued check number 1600 in the amount of $500 from his special account payable to cash. On or about March 4, 1996, the respondent issued check number 1620 in the amount of $456 from his special account payable to cash. On or about March 9, 1996, the respondent issued check number 1621 in the amount of $110 from his special account payable to cash. On or about March 11, 1996, the respondent issued check number 1622 in the amount of $300 from his special account payable to cash.

Charge Seven alleged that the respondent commingled funds, in violation of Code of Professional Responsibility DR 9-102 (A)

(22 NYCRR 1200.46 [a]). On May 21, 1996, the respondent received a check in the amount of $556 from the SSA on behalf of Hall and deposited it into his operating account at Marine Midland Bank. On May 31, 1996, the respondent received a check in the amount of $556 from the SSA on Hall's behalf, and deposited it into his operating account at Marine Midland Bank. On July 1, 1996, the respondent received a check in the amount of $556 from the SSA on Hall's behalf and deposited it into his operating account at Marine Midland Bank. Since the aforementioned $1,668 belonged to Hall, the respondent commingled funds by depositing that amount into his operating account.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record, his *pro bono* and assigned counsel work, his tendency to overextend himself, the fact that he is a solo practitioner, the lack of any evidence of venal intent, and the steps he has taken to prevent future problems.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee are granted to the extent that Charges Two, Five, and Seven are sustained, and the remaining charges are not sustained, and the motion and cross motion are otherwise denied; and it is further,

Ordered that the respondent, Robert S. Lewis, is censured for his professional misconduct.